IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HUGO PEREZ-MENDEZ,            )
                                        )    Civil No. 08-924-JO
        Petitioner,       )
                                        )
   v.                              )
                                        )    OPINION AND ORDER
GUY HALL,                    )
                                        )
        Respondent.      )

    Bryan E. Lessley
    Assistant Federal Public Defender
    151 W. 7th Avenue, Suite 510
    Eugene, Oregon 97401

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Jacqueline Kamins
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97301

        Attorneys for Respondent

///

1 - OPINION AND ORDER

JONES, District Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges his sentence on two counts of Assault in the First Degree. For the reasons set forth below, the Petition for Writ of Habeas Corpus (#1) is denied, and Judgment is entered dismissing this action with prejudice.

## BACKGROUND

On August 28, 2003, the Lane County Grand Jury returned an indictment charging petitioner with two counts of Attempted Murder, two counts of Assault in the First Degree, one count of Burglary in the First Degree and one count of Felony Assault in the Fourth Degree. Respondent's Exhibit 102. Petitioner pled guilty to two counts of Assault in the First Degree and the trial court imposed two 90-month sentences of imprisonment with 60 months of the second count running consecutively with the first count, and 30 months of the second count running concurrently with the first count. Respondent's Exhibit 101.

Petitioner did not directly appeal his convictions.

Petitioner filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Perez-Mendez v. Hall, Umatilla County Circuit Court Case No. CV05-1035. On appeal, the Oregon Court of Appeals granted the State's Motion for Summary Affirmance, and the Oregon Supreme Court denied review. Perez-

2 - OPINION AND ORDER

Mendez v. Hall, ___ Or. App. ___, (2008), rev. denied, ___ Or. ___, 2008 Or. LEXIS 542; Respondent's Exhibits 119-124.

On August 5, 2008, petitioner filed this action. In his Petition for Writ of Habeas Corpus, he raises the following ground for relief:

> Ground One: Trial counsel was ineffective for failing to object to the imposition of consecutive sentences.
>
> Supporting Facts: At the time that Petitioner entered his plea, Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) prohibited judicial fact finding for the imposition of consecutive sentences. Trial defense counsel's failure to object to said consecutive sentences under Apprendi constituted ineffective assistance of counsel.

Respondent asks the court to deny relief on the Petition because petitioner did not file his federal habeas corpus petition within the one-year limitations period allowed by 28 U.S.C. § 2244. According to respondent, the applicable statute of limitations began to run on January 10, 2004, thirty days after the judgment on his convictions became final. Petitioner did not sign his petition for post-conviction relief in state court until July 15, 2005, some 552 days later.

Petitioner contends he is entitled to equitable tolling on the basis that (1) he was unrepresented during the entire 552 day period, (2) he speaks only Spanish and does not understand the English language[1], (3) the law library at Two Rivers Correctional

---

[1] Despite this representation in petitioner's counseled brief, I note in an attached affidavit, petitioner avers that while his primary language is Spanish, he speaks and understands some

3 - OPINION AND ORDER

Institution did not contain Spanish language materials other than a Spanish-English dictionary, (4) he only learned of the applicable statute of limitations for filing his federal habeas petition after significant difficulty in getting both information regarding his legal options from secondary sources, and in obtaining translation services, and (5) he filed his federal habeas petition at the earliest time he reasonably could given the language barrier he faced. Petitioner's Supplemental Materials in Support (#22), pp. 2-3 (citing Mendoza v. Carey, 449 F.3d 1065 (9th Cir. 2006).

## DISCUSSION

**Standard of Review**

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

---

English. see Petitioner's Supplemental Materials (#22), Attachment #1, p. 1.

4 - OPINION AND ORDER

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id. at 410. The state court's application of clearly established law must be objectively unreasonable. Id. at 409.

**Application**

Even assuming equitable tolling was appropriate for the reasons set forth above, petitioner's concedes that:

> [w]hile this habeas corpus matter has been pending, the Supreme Court of the United States decided Oregon v. Ice, 129 S.Ct. 711 (January 14, 2009), holding that judicial fact finding under Or. Rev. Stat. 137.123 [statute giving trial court's discretion under certain facts to impose concurrent or consecutive sentences] does not violate Apprendi.

Petitioner's Reply (#17), p. 3. Counsel for petitioner further acknowledges that Ice appears to govern the resolution of the claim

5 - OPINION AND ORDER

set forth in petitioner's habeas corpus petition and also states that "[petitioner] recognizes that the United States Supreme Court has issued a decision governing his claims after his petition was filed." Id. at 4.

Petitioner's concession notwithstanding, he asks the court to review his entire case record before dismissing his petition. Apparently, petitioner would have the court review the record in search of other meritorious claims. The court, however, is limited to considering claims set forth in the Petition for Writ of Habeas Corpus.

Accordingly, Ice controls the court's resolution of petitioner's Ground One claim of ineffective assistance of trial counsel for failure to object to the trial court's imposition of consecutive sentences. Such claim is without merit.

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus (#1) is DENIED, and this case is DISMISSED, with prejudice. In addition, the court finds that petitioner has not made a substantial showing of the denial of a constitutional right

///
///
///
///

6 - OPINION AND ORDER

pursuant to 28 U.S.C. § 2253(c)(2).  Accordingly, this case is not appropriate for appellate review.

IT IS SO ORDERED.

DATED this <u>22nd</u> day of April, 2010.

<u>/s/ Robert E. Jones           </u>
Robert E. Jones
United States District Judge

7 - OPINION AND ORDER